**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION**

UNITED STATES OF AMERICA,

          Plaintiff,

      v.

REAL PROPERTY LOCATED AT
61 SE 30th LANE, LAMAR, MISSOURI,
ALONG WITH ALL ITS BUILDINGS,
APPURTENANCE, AND
IMPROVEMENTS,

          Defendant.

Case No.  3:26-cv-05064

## COMPLAINT FOR FORFEITURE *IN REM*

The Plaintiff, United States of America, by its attorneys, R. Matthew Price, United States

Attorney for the Western District of Missouri, and Anthony Brown, Assistant United States

Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2)

of the Federal Rules of Civil Procedure.

## NATURE OF THE ACTION

1.     This is an action to forfeit property to the United States under 18 U.S.C.

§ 981(a)(1)(A) and 18 U.S.C. § 981(a)(1)(C).[1]

---

[1] 18 U.S.C. § 981(a)(1)(C) provides for forfeiture of property derived from proceeds traceable to, *inter alia*, a "specified unlawful activity" (SUA) or a conspiracy to commit such an offense. SUAs are defined at 18 U.S.C. § 1956(c)(7). SUAs include any offense under Section 1961(1). 18 U.S.C. § 1956(c)(7)(A). Section 1343 wire fraud and Section 1956 money laundering are identified at 18 U.S.C. § 1961(1)(B).

## THE DEFENDANT *IN REM*

2.       The defendant property consists of real property located at 61 SE 30th Lane, Lamar, Missouri, and is more fully described as:

> A tract commencing at a point 511.29 feet south and 20 feet West of the Northeast corner of the Southeast quarter of section twenty-nine (29), township thirty-two (32), range thirty (30), Barton County, Missouri, running thence West 208.71 feet, thence South 208.71 feet, thence East 208.71 feet, thence north 208.71 feet to the place of beginning, containing one (1) acre, more or less.

The recorded owner of the real property located at 61 SE 30th Lane, Lamar, Missouri is Jerod Morey.

3.       The defendant real property has not been seized but is located within the jurisdiction of the Court as described below. The United States does not request authority from the Court to seize the defendant real property at this time. The United States will, as provided by 18 U.S.C. § 985(b)(1) and (c)(1), post notice of this action and a copy of the Complaint on the defendant real property and serve notice of this action on the defendant real property owners, and any other person or entity who may claim an interest in the defendant, along with a copy of this Complaint. The United States may elect to file *Lis Pendens* as to the defendant real property at any time.

## JURISDICTION AND VENUE

4.       The Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). The Court also has jurisdiction over this particular action under 18 U.S.C. § 981(a)(1)(A) and 18 U.S.C. § 981(a)(1)(C).

5.       This Court has *in rem* jurisdiction over the defendant real property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district; pursuant to 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the action

2

accrued in this district and the defendant is found in this district; and pursuant to 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 981(h) and the owner of the property is located in this district;

6. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in the Western District of Missouri, and pursuant to 28 U.S.C. § 1395, because the action accrued in this district and the defendant is found in this district.

## BASIS FOR FORFEITURE

7. The defendant real property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) because it constitutes property involved in transactions or in attempted transactions, in violation of Title 18 U.S.C. §§ 1956, and/or 1957, or is traceable to such property.

8. The defendant real property is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), because it constitutes or is derived from proceeds traceable to offenses constituting a "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offenses. Such offenses include violations of 18 U.S.C. § 641 (theft of government funds), 18 U.S.C. § 666 (theft concerning programs receiving federal funds), and/or 18 U.S.C. § 1343 (wire fraud).

## FACTUAL ALLEGATIONS

9. Federal law enforcement agents began investigating Jerod and Elisha Morey (collectively, "the Moreys"), based on their involvement in a suspected scheme to embezzle funds from About our Kids, Inc. ("AOK") that took place from at least 2019 until April 2025.

3

10.     AOK is a non-profit organization located in Lamar, Barton County, Western District of Missouri, and was formed in 2004, and Jerod Morey was its executive director until 2025.

11.     According to AOK's 2024 Form 990, Return of Organization Exempt From Income Tax, the organization's mission or most significant activities is: "*Educational programs aimed at youth development*." AOK has been awarded approximately $3.7 million in grant money from Department of Health and Human Service ("HHS") agencies since 2016. Specifically, AOK received grant money from Health Resources and Services Administration ("HRSA"), Centers for Disease Control and Prevention ("CDC"), and the Substance Abuse and Mental Health Services Administration ("SAMHSA"). Further, according to AOK's 2024 Form 990, the organization received $721,092 in "contributions and grants."

12.     The Moreys are residents of Barton County, Missouri, within the Western District of Missouri.

13.     In April 2025, after being alerted to potentially suspicious activity from a financial institution, AOK self-reported allegations of embezzlement to HHS, HHS-OIG, and local law enforcement, and terminated Jerod Morey's employment that same month.

14.     Beginning as early as 2019, Jerod used AOK's funds for personal expenditures. AOK's operating checking account at Lamar Bank & Trust, account ending in 1962 ("Lamar 1962"), shows AOK submitting payments for automobile loans in the name of Jerod Morey and his family members, payments to credit card companies on behalf of the Moreys, and significant electronic payments via Venmo and PayPal paid directly to the Moreys.

4

15. On or about March 3, 2018, a corporate credit card was opened in the name of AOK with JP Morgan Chase, ending in 8460 ("Chase 8460"), using an AOK Director's ("K.J.") name, social security number and date of birth to open the account.

16. Jerod Morey used Lamar 1962, to pay Chase 8460, often multiple times a month, using AOK's funds.

17. Lamar 1962 contained funds from federal programs and in many cases Jerod Morey as executive director, requested drawdowns from the AOK HRSA and SAMHSA grants to cover specific personal expenditures and payments to Chase 8460.

18. At the time of the drawdowns, Jerod Morey was AOK's Program Director and had the authority to execute the drawdowns; implicit with each draw-down, however, was acknowledgment of the grants' terms and conditions, among them anti-fraud and anti-embezzlement provisions.

***Purchase of 61SE 30th Lane, Lamar, Missouri:***

19. On or about February 11, 2021, K.J. purchased the defendant real property.

20. During an interview on March 6, 2026, K.J. told agents that she borrowed money from her Edward Jones brokerage account to loan Jerod Morey funds to purchase his residence in cash instead of waiting for financing through a traditional mortgage institution.

21. As part of that agreement, Jerod Morey agreed to pay K.J. back when he got his loan approved and received the funds.

22. K.J. told investigative agents that Jerod Morey did repay her the funds owed to her, including fees she incurred.

23. There is no deed of trust or evidence that Jerod Morey ever received a mortgage on the residence at the Barton County Recorder's office.

5

24. Morey repaid the loan using funds from Lamar 1962, and are described further in the following paragraphs.

25. On or about December 23, 2021, K.J. and her husband transferred the defendant real property to Jerod Morey via a general warranty deed recorded in Barton County, Missouri.

***Specific Fraudulent Financial Transactions:***

26. From September 22, 2021, to February 18, 2022, Jerod Morey caused the following payments from Lamar 1962, to be credited to the Chase 8640:

| Date | Amount |
|---|---|
| 9/21/2021 | $26,000.00 |
| 10/8/2021 | $31,000.00 |
| 10/14/2021 | $23,000.00 |
| 10/22/2021 | $6,000.00 |
| 11/15/2021 | $6,500.00 |
| 12/8/2021 | $28,500.00 |
| 12/21/2021 | $3,750.00 |
| 1/18/2021 | $10,500.00 |
| 1/24/2021 | $21,500.00 |
| 2/1/2021 | $6,300.00 |
| 2/18/2021 | $3,750.00 |
| **TOTAL** | **$166,800.00** |

27. Jerod Morey used this credit card for a significant amount of personal expenditures, including shopping, travel, and farm related expenses.

28. Further, there were also a significant number of transfers to PayPal accounts belonging to Elisha Morey from the Chase 8460. Three PayPal accounts, ending in 9001, 6035,

and 1221, were all identified as personal accounts, and did not have any significant balance prior to the transactions listed as follows:

| Date | Payee | Amount | PayPal Account |
|---|---|---|---|
| 09/01/2021 | PAYPAL *ELISHAMOREY ***-***-**** MO | $2,572.80 | 9001 |
| 09/01/2021 | PAYPAL *ELISHAMOREY ***-***-**** MO | $2,572.80 | 9001 |
| 09/02/2021 | PAYPAL *ELISHAMOREY ***-***-**** MO | $1,543.80 | 9001 |
| 09/07/2021 | PAYPAL *ELISHAMOREY ***-***-**** MO | $5,145.30 | 9001 |
| 09/07/2021 | PAYPAL *ELISHAMOREY ***-***-**** MO | $514.80 | 9001 |
| 09/28/2021 | PAYPAL *ELISHAMOREY ***-***-**** MO | $2,572.80 | 9001 |
| 09/28/2021 | PAYPAL *ELISHAMOREY ***-***-**** MO | $1,543.80 | 9001 |
| 09/28/2021 | PAYPAL *ELISHAMOREY ***-***-**** MO | $5,145.30 | 9001 |
| 10/08/2021 | PAYPAL *ELISHAMOREY ***-***-**** MO | $15,435.30 | 9001 |
| 10/08/2021 | PAYPAL *ELISHAMOREY ***-***-**** MO | $10,290.30 | 9001 |
| 10/09/2021 | PAYPAL *ELISHAMOREY ***-***-**** MO | $5,145.30 | 9001 |
| 10/14/2021 | PAYPAL *ELISHAMOREY ***-***-**** MO | $1,543.80 | 9001 |
| 10/14/2021 | PAYPAL *ELISHAMOREY ***-***-**** MO | $10,290.30 | 9001 |
| 10/14/2021 | PAYPAL *ELISHAMOREY ***-***-**** MO | $514.80 | 9001 |
| 10/14/2021 | PAYPAL *ELISHAMOREY ***-***-**** MO | $5,145.30 | 9001 |
| 10/14/2021 | PAYPAL *ELISHAMOREY ***-***-**** MO | $5,145.30 | 9001 |
| 11/10/2021 | PAYPAL *ELISHAMOREY ***-***-**** MO | $2,572.80 | 1221 |
| 11/17/2021 | PAYPAL *ELISHAMOREY ***-***-**** MO | $2,572.80 | 1221 |
| 11/17/2021 | PAYPAL *ELISHAMOREY ***-***-**** MO | $1,029.30 | 1221 |
| 12/09/2021 | PAYPAL *ELISHAMOREY ***-***-**** MO | $2,058.30 | 9001 |
| 12/09/2021 | PAYPAL *ELISHAMOREY ***-***-**** MO | $25,725.30 | 9001 |
| 12/22/2021 | PAYPAL *ELISHA ***-***-**** MO | $1,985.64 | 1221 |
| 12/29/2021 | PAYPAL *ELISHAMOREY ***-***-**** MO | $2,058.30 | 9001 |
| 01/15/2022 | PAYPAL *ELISHAMOREY ***-***-**** MO | $3,087.30 | 9001 |
| 01/15/2022 | PAYPAL *ELISHAMOREY ***-***-**** MO | $3,087.30 | 9001 |
| 01/22/2022 | PAYPAL *ELISHAMOREY ***-***-**** MO | $5,145.30 | 6035 |
| 01/22/2022 | PAYPAL *ELISHAMOREY ***-***-**** MO | $5,145.30 | 6035 |
| 01/22/2022 | PAYPAL *ELISHAMOREY ***-***-**** MO | $10,290.30 | 6035 |
| 02/04/2022 | PAYPAL *ELISHAMOREY ***-***-**** MO | $2,058.30 | 9001 |
| | **TOTAL:** | **$141,938.04** | |

29. On or about September 28, 2021, through February 4, 2022, there were PayPal transfers from account ending in 9001 to account ending in 1221 totaling $118,250.00, all containing AOK monies.

30. On or about January 22, 2022, there were PayPal transfers from account ending in 6035 to account ending in 1221 totaling $20,000.00, all containing AOK monies.

31. On or about September 8, 2021, there were two additional transactions straight from the Lamar 1962, made directly to Elisha Morey's PayPal account ending in 1221, in the amounts of $5,000 and $8,500.

32. From September 1, 2021, to January 25, 2022, deposits totaling $158,187.14 were made from PayPal account ending in 1221, to Arvest Bank, checking account ending in 6592 ("Arvest 6592"), in the name of the Moreys and Ellistin Morey. Prior to the scheme referenced throughout this petition, the balance of Arvest 6592 was $159.09 on August 31, 2021.

33. Following AOK's funds being laundered through the Chase 8640, multiple PayPal accounts, and ultimately into the Morey's joint checking account, Jerod Morey issued the following checks to K.J. from Arvest 6592 for the purpose of repaying K.J. for the purchase of the defendant real property:

| Date | Check Number | Payee | Amount | Memo |
|---|---|---|---|---|
| 10/12/2021 | 1100 | K.J. | $ 25,000.00 | |
| 10/15/2021 | 1000 | K.J. | $ 25,000.00 | |
| 12/17/2021 | 2241 | K.J. | $ 24,000.00 | #3 |
| 1/18/2022 | 2272 | K.J. | $ 4,000.00 | House |
| 1/27/2022 | 2274 | K.J. | $ 21,320.00 | House |
| | | TOTAL: | $ 99,320.00 | |

8

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

34. The Plaintiff repeats and incorporates by reference the paragraphs above.

35. By the foregoing and other acts, the defendant real property constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Sections 641, 666 & 1343, and therefore, are forfeitable to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C).

### SECOND CLAIM FOR RELIEF

36. The Plaintiff repeats and incorporates by reference paragraphs 1 through 33.

37. By the foregoing and other acts, the defendant real property constitutes proceeds involved in transactions or attempted transactions, in violation of Title 18, United States Code, Sections 1956 and/or 1957, or is property traceable to such a transaction, and therefore, are forfeitable to the United States, pursuant to 18 U.S.C. § 981(a)(1)(A).

WHEREFORE the United States prays that the defendant real property be forfeited to the United States, that the plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

Respectfully submitted,

**R. MATTHEW PRICE**
United States Attorney

By:  */s/ Anthony M. Brown*
**ANTHONY M. BROWN**
Assistant United States Attorney
Missouri Bar No. 62504
901 East St. Louis St.
Suite 500
Springfield, Missouri 65806
Telephone: 417-575-8167
E-mail: Anthony.Brown2@usdoj.gov

9

**VERIFICATION**

I, Special Agent Alisha R. Campbell, hereby verify and declare under penalty of perjury that I am a Special Agent with the Internal Revenue Service, Criminal Investigations, that I have read the foregoing Verified Complaint *In Rem* and know the contents thereof, and that the factual matters contained in paragraphs 9 through 33 of the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the Internal Revenue Service, Criminal Investigations.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 7/17/26

Alisha R. Campbell
Digitally signed by Alisha R. Campbell
Date: 2026.07.17 08:29:34 -05'00'

Alisha R. Campbell
Special Agent
Internal Revenue Service – Criminal Investigations